UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MELANIE CASEY,

        Plaintiff,

   v.

ALAN EDWARD KENNEDY,

        Defendant.
_____/

CASE NO. CIV S-07-0069 FCD GGH
CASE NO. CIV S-07-0524 FCD GGH

<u>CASE CONSOLIDATION ORDER</u>

----oo0oo----

    This matter is before the court on plaintiff Melanie Casey's ("Casey") motion to consolidate her personal injury action against defendant Alan Edward Kennedy ("Kennedy") with her adversary action against the same defendant to have damages from her personal injury action declared nondischargeable under the United States Bankruptcy Code.  Defendant does not oppose the motion.

/////

Rule 42(a) of the Federal Rule of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).[1] Rule 42 confers broad power on the district court to consolidate cases for trial to facilitate the administration of justice at the request of a party or on its own initiative. In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987); Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc., 339 F.2d 673, 675 (3d Cir. 1964). To determine whether consolidation is appropriate, the court weighs the interests of judicial convenience against the potential for inconvenience, delay, or expense caused by consolidation. Huene v. U.S., 743 F.2d 703, 704 (9th Cir. 1984).

Plaintiff moves for consolidation on the grounds that both of her cases are based upon the same factual allegations and many of the same legal issues. Both cases are also brought by the same single plaintiff against the same single defendant. Moreover, there is no evidence of potential inconvenience, delay, expense, or prejudice to either party as a result of consolidation. As such, the court finds that consolidation of the two cases will facilitate the administration of justice and serve the interest of judicial economy.

/////

/////

---

[1] All further references to "Rule" are to the Federal Rules of Civil Procedure.

2

1   Therefore, plaintiff's motion for consolidation is GRANTED
2 and the court makes the following orders:
3   1. The actions denominated "CIV S-07-0069 FCD GGH" and
4      "CIV S-07-0524 FCD GGH," are hereby CONSOLIDATED under
5      the designation **"CIV S-07-0069 FCD GGH." The parties**
6      **shall NOT file any documents under "CIV S-07-0524 FCD**
7      **GGH."**
8   2. Any dates currently set in these consolidated cases are
9      hereby VACATED.
10  3. Plaintiff shall file a consolidated complaint using
11     only the designation **"CIV S-07-0069 FCD GGH"** on or
12     before **December 21, 2007**.  Defendant shall file a
13     responsive pleading within **thirty (30) days** after being
14     served with the amended complaint.
15  4. A status (pretrial scheduling) conference is set for
16     **February 8, 2008, at 10:00 a.m.**  The parties shall file
17     a joint status report on or before **January 25, 2008**.
18  5. The clerk's office is directed to close the file in
19     "CIV S-07-0524 FCD GGH."
20  IT IS SO ORDERED.
21 DATED: December 11, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE